OPINION OF THE COURT
Jones, J.
We conclude that the procedures followed by Upstate Medical Center College of Medicine when petitioner was dropped as a medical student for academic cause were not such as to deny him due process of law in violation of the provisions of our Federal and State Constitutions.
In this article 78 proceeding, instituted for an order directing the College of Medicine to reinstate petitioner in the medical school and to award him the degree of Doctor of Medicine, Special Term dismissed the petition. The Appellate Division, while agreeing on the merits that the college’s determination was neither arbitrary and capricious nor in violation of any contractual right of the student, by a divided vote, reversed the dismissal of his petition on the ground that the student had been denied procedural due process because the hearing which was offered him was held within a matter of hours, or even "minutes”, after the first notification to him of his dismissal. For that reason the court granted the petition *479 to the extent of directing the College of Medicine to accord petitioner an appropriate hearing. The relevant facts and contentions of the parties are detailed in the opinion of Mr. Justice Harry D. Goldman (54 AD2d 287).
On the appeal to us taken by the College of Medicine as of right[1] we first reject the application of petitioner made in his brief and on oral argument to dismiss the appeal on the ground that the order sought to be appealed is nonfinal inasmuch as the Appellate Division "remitted” the case to the College of Medicine for further proceedings. The so-called "remittal”, however, was not within the judicial system or to an administrative agency of the State. (Cf. Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 12, pp 49-55.) Any judicial review of the new determination to be made by the College of Medicine following the mandated hearing could only be had in a new, second article 78 proceeding; the present proceeding could not be revived as a procedural vehicle for such review. Accordingly, the disposition at the Appellate Division finally determined the present proceeding within the meaning of the Constitution. (NY Const, art VI, § 3; CPLR 5601, subd [a], par [ii].)
On the merits of the appeal we hold that there is no substance to petitioner’s claim that he was denied procedural due process (Board of Curators, Univ. of Mo. v Horowitz, 435 US 78). In this instance, as in Horowitz, the student had previously been informed of the school’s dissatisfaction with his progress, and the dismissal was for academic (as opposed to disciplinary) cause — failure "to demonstrate sufficient clinical aptitude for the practice of medicine”.[2] In this circum *480 stance the differences between the parties did not present factual issues to be resolved by evidentiary proof. The dismissal was predicated on an academic evaluation, bearing "little resemblance to the judicial and administrative fact-finding proceedings to which we have traditionally attached a full hearing requirement. * * * [T]he determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking.” (435 US, at pp 89-90). We would only add that no contention is advanced on behalf of this student that the dismissal was made in bad faith or that the assignment of academic cause was a calculated pretext — arguments which if substantiated might present factual issues appropriately to be resolved in a judicial evidentiary hearing.
The dissenter would hold that a medical school’s having afforded its student an opportunity to demonstrate improvement operated somehow to create an adversarial right later to question the school’s evaluation of this academic performance. So to hold might invite indeliberate, and therefore perhaps unwarranted, early dismissal, and thus discourage extension of opportunity by further effort and performance to improve the quality of what had theretofor been inadequate academic achievement. The position of the school should not be prejudiced because it alerted this student to his predicament, and he thereafter elected to continue his course of study.
For the reasons stated, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

. Petitioner’s motion for leave to cross appeal was denied (41 NY2d 803).

. In addition to this conclusion, reached by both the Fourth Year Medical Grades Committee and the Committee on Academic Promotions, the record disclosed that the medical student had failed Pathology in his second year, both Medicine and Surgery in his third, and Nephrology in his fourth. The Dean of Admissions had written him more than six months before he was dropped from the medical school:
"Your request for an elective with the Department of Obstetrics and Gynecology was not approved by the Committee on Academic Promotions. This committee of the faculty has decided that you do not meet standards for graduation; and that, in their opinion, you are not ready for the practice of medicine. This decision is based upon your cumulative academic record, comprised of grades and narratives, over the past four years. Your record indicates that you have failed at least one major course every year, and still carry a failing grade in Nephrology, a fourth-year elective. The significance of having failed courses, such as pathology, surgery and medicine, raised serious questions about your level of competency at this time; particularly, your abilities to apply essential medical knowledge to patient-care activities.
*480 "It is the decision of this committee that you be required to complete an additional academic year of clinical electives during 1975-76.”